ROBERT C. BAKER, BAR ID #49255
rbaker@bknlawyers.com
DERRICK S. LOWE, BAR ID #267998
dlowe@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900 / Fax: (213) 241-0990

PETER Q. EZZELL, BAR ID #53497
ezzellp@gmail.com
LAW OFFICES OF PETER Q. EZZELL
134 Westwind Mall
Marina del Rey, California 90292
Telephone: (310) 709-2125 / Fax: (877) 349-9862

Attorneys for Petitioner
WILLIAMS GRAND PRIX ENGINEERING LIMITED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS GRAND PRIX ENGINEERING LIMITED<br><br>Petitioner,<br><br>vs.<br><br>ROKIT MARKETING INC. and ROK MARKETING LLC<br><br>Respondents. | Case No.<br><br>**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**<br><br>**[9 U.S.C. § 207]** |

Petitioner Williams Grand Prix Engineering Limited (hereinafter referred to as "Petitioner" or "Williams"), by his attorneys, Baker, Keener & Nahra LLP, hereby files this Petition under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Petition"); June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention"), which was ratified by Congress and codified at 9 U.S.C. §§ 201, et seq.

///

///

///

988-5706-0001

- 1 -

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

# PARTIES

1. Petitioner is a British company and Formula One motor racing team located at Grove, Wantage, Oxfordshire, OX12 0DQ. Petitioner was the Claimant in a completed arbitration before the London Court of International Arbitration in 2021 that is the subject of this Petition (the "Arbitration").

2. Respondents Rokit Marketing Inc. and Rok Marketing LLC (collectively the "Respondents") are Delaware business entities operating in California at 17383 West Sunset Blvd., A300 in Pacific Palisades, CA 90272 and were also the Respondents in the underlying Arbitration whose award is the subject of this Petition.

# JURISDICTION AND VENUE

3. The United States of America and the United Kingdom are both signatories to the New York Convention.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331, jurisdiction through the New York Convention, and diversity jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy is far in excess of $75,000.00 and there is diversity of citizenship between the Petitioner and Respondents (the "Parties").

5. This Court has personal jurisdiction over Respondents because they are business entities operating in California and with their principal places of business located in California.

6. Venue is appropriate in the Western Division of the Central District of California because Respondents' principal places of business are in Los Angeles County and, pursuant to 9 U.S.C. § 204, in the absence of an agreement to the contrary, venue is proper in any federal court that has subject matter jurisdiction.

# FACTUAL BACKGROUND

7. On May 7, 2021 an arbitrator duly selected under the Rules of the London Court of International Arbitration, Klaus Reichert SC (the "Arbitrator"), rendered a Partial Final Award (the "First Partial Final Award") in the matter of *Williams Grand Prix Engineering Limited v. Rokit Marketing Inc. and Rok Marketing LLC*, LCIA Case

No. 204960.  This was followed by the issuance of an additional Partial Final Award on July 29, 2021 (the "Second Partial Final Award") and then the subsequent issuance of the full and Final Award (the "Award") on October 19, 2021, which confirmed the First and Second Partial Final Awards and resolved outstanding costs issues that remained unresolved after the First and Second Partial Final Awards.

8. The Arbitration was conducted by a virtual hearing on May 28, 2021 with the Arbitration seated in London, England.  True, authentic, and certified copies of the First Partial Final Award, the Second Partial Final Award, and the Award are respectively filed herewith as Exhibits "A" through "C."   The Award is a foreign arbitral award covered by the New York Convention because the place of arbitration and the place of award is London, UK.

9. The Arbitration arose out of a series of disputes between Petitioner and Respondents with respect to a failure to pay amounts owed under three agreements relating to sponsorship arrangements between the Parties for Formula 1 Racing.  True and correct, certified copies of the two written agreements are filed herewith respectively as Exhibits "D" and "E" and the three agreements are as described below:

   a. An agreement titled "Formula One Sponsorship Agreement," between Petitioner and Respondent Rokit Marketing Inc. and dated January 26, 2019 (the "First Agreement");

   b. An agreement titled "Formula One Sponsorship Agreement," between Petitioner and Respondent Rok Marketing LLC and dated October 22, 2019 (the "Second Agreement"); and

   c. An oral agreement entered into in or around February 27, 2019 between Jonathan Kendrick (of the Respondents) with respect to a bonus payment of USD 1,000,000.00 (the "Oral Agreement").

///
///
///

10. Respondents were timely notified of all aspects of the Arbitration and were not under any incapacity throughout the Arbitration process, which was fairly and properly conducted in accordance with the arbitral procedure contemplated by the First, Second, and Oral Agreements.

11. Respondents were represented by counsel throughout the Arbitration, including at the virtual hearing on May 28, 2021, where Respondents defended against Petitioner's claims on the merits. The Arbitrator received evidence and heard argument on all issues from all Parties and further invited written submissions from the Parties' counsel to further set forth their respective positions by reference to legal authority and the existing record. All of the received evidence, proffered arguments, and written submissions by the Parties were taken into consideration by the Arbitrator.

12. After affirming the basis for all of Petitioner's claims arising out of the First, Second, and Oral Agreements, the Arbitrator noted his careful consideration of all the defenses raised by Respondents and found that none of them had any basis in fact or law. The Arbitrator therefore found in favor of Petitioner and subsequently issued the Award.

13. By way of the Award, the Arbitrator awarded damages in favor of Petitioner, and against Respondents, in the total amounts of GBP 26,220,094.25 and USD 1,000,000.00, broken down as follows:

    a. GBP 5,000,000.00 for First Installment Payment of First Agreement
    b. GBP 5,000,000.00 for Second Installment Payment of First Agreement
    c. GBP 3,500,000.00 for Third Installment Payment of First Agreement
    d. GBP 693,443.84 for Interest Under First Agreement
    e. GBP 126,837.00 for Damages from Breach of First Agreement
    f. GBP 4,000,000.00 for First Installment Payment of Second Agreement
    g. GBP 4,000,000.00 for Second Installment Payment of Second Agreement
    h. GBP 3,000,000.00 for Third Installment Payment of Second Agreement
    i. GBP 562,887.67 for Interest Under Second Agreement
    j. GBP 21,660.00 for the Fanatics Invoice

    k. GBP 30,834.00 for the Show Car Invoices

    l. GBP 264,431.74 for Legal Costs and Costs of Arbitration

    m. GBP 20,000.00 for Advanced Payment of Arbitration Costs

    n. USD 1,000,000.00 for Oral Agreement Payment

  14. Pursuant to Article 26.8 of the LCIA Rules: "Every award (including reasons for such award) shall be final and binding on the parties.  The parties undertake to carry out any award immediately and without any delay (subject only to Article 27); and the parties also waive irrevocably their right to any form of appeal, review or recourse to any state court or other legal authority, insofar as such waiver shall not be prohibited under any applicable law."  The Award is thus final and immediately due and payable as the Award has not been challenged by Respondents in any manner or respect, whether under Article 27 or on any other grounds.

  15. The arbitration clauses contained in the First and Second Agreements, as well as the Award itself, fall under the New York Convention because they arise out of legal and contractual relationships that are commercial and are not entirely between citizens of the United States, noting again that Petitioner is a business entity in the United Kingdom and Respondents are business entities located and operating in California.  Furthermore, the relationships from which the dispute arose envisaged performance and enforcement abroad and reasonably related to one or more foreign states.  9 U.S.C. § 202.

  16. This Petition is authorized by the LCIA Rules and 9 U.S.C. § 207.

  17. The New York Convention governs the enforcement and confirmation of foreign arbitration awards, including the Award at issue in this matter, which was issued in the United Kingdom – a New York Convention nation.  9 U.S.C. §§ 201, 202.

  18. This Court has authority to confirm the Award under 9 U.S.C. § 207, as it is a final award falling under the New York Convention in that it is "made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal."  New York Convention Art. I Sec. 1.

19. No grounds for refusal or deferral of recognition or enforcement of the Award exist.  9 U.S.C. § 207.

20. This Petition is timely because it is filed within three years after the Award was made.  9 U.S.C. § 207.

## PRAYER

Petitioner prays that:

21. This Court enter an order confirming the Award made by the Arbitrator through the LCIA in Case No. 204960, as authorized by 9 U.S.C. § 207;

22. This Court enter a judgment that conforms to the Award of the LCIA by entering a judgment in favor of Petitioner against Respondents in the total amount of GBP 26,220,094.25 and USD 1,000,000.00;

23. This Court awards Petitioner its costs in this proceeding; and

24. This Court awards or provides Petitioner any and all other relief that the Court deems appropriate in the interests of justice and propriety.

DATED: December 15, 2021                BAKER, KEENER & NAHRA, LLP

By  /S/   ROBERT C. BAKER
    ROBERT C. BAKER
    DERRICK S. LOWE
Attorneys for Petitioner,
WILLIAMS GRAND PRIX ENGINEERING LIMITED